

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHYLEEN SOTO FONTANEZ,

    Plaintiff,

v.                      Case No. : 6:16cv1917-orl-41GJK

EASTERN US TRADING COMPANY, INC.
d/b/a ROYAL HOOKAH & CIGAR LOUNGE,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHYLEEN SOTO FONTANEZ ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, EASTERN US TRADING COMPANY, INC. d/b/a ROYAL HOOKAH & CIGAR LOUNGE ("Defendant"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage and failure to pay overtime, and for violations of the Florida Constitution, Article X, Section 24, as well as the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. Exercise of supplemental jurisdiction over Plaintiff's state law claims is appropriate under 28 U.S.C. §1367.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Defendant operates a hookah bar in Orlando, in Orange County, Florida.

5. Defendant is a Florida corporation.

6. Plaintiff worked for Defendant as a server at its Orlando location.

## GENERAL ALLEGATIONS

7. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

8. As part of her regular job duties for Defendant, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and the FMWA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA and the FMWA.

11. Defendant continues to be an "employer" within the meaning of the FLSA and the FMWA.

12. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

13. At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

15. Plaintiff has satisfied all conditions precedent, or they have been waived.

16. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

17. Plaintiff requests a jury trial for all issues so triable.

## FACTS

18. Plaintiff worked for Defendant from February 2016 to June 2016 as a server.

19. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and she was not paid a minimum wage for all of the hours that she worked.

20. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for all of her overtime hours at a rate equal to one and one-half times her regular hourly rate.

21. Defendant failed to pay Plaintiff an overtime premium for all of the hours that Plaintiff worked.

22. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA and the FMWA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. During the statutory period, Plaintiff worked for Defendant, and she was not paid the applicable minimum wage for the hours that she worked, as mandated by the FLSA.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

26. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## **COUNT II – FLSA OVERTIME VIOLATION**

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

28. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

  f) All costs and attorney's fees incurred in prosecuting these claims; and

  g) For such further relief as this Court deems just and equitable.

## COUNT III – FMWA VIOLATION

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

32. Plaintiff was not paid minimum wages for services Plaintiff performed for Defendant.

33. Defendant's actions were willful.

34. Defendant has refused to pay Plaintiff the minimum wages that are owed to Plaintiff.

*WHEREFORE*, Plaintiff demands:

  (a) A jury trial for all issues so triable;

  (b) That process issues and that this Court take jurisdiction over the case;

  (c) Direct Defendant to pay all wages due to Plaintiff plus interest.

  (d) Award liquidated damages to Plaintiff

  (e) All costs and attorneys' fees and costs to Plaintiff pursuant to Fla. Stat. § 448.110; and

  (f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 27th day of October, 2016.

Respectfully submitted,

/s/ Luis A. Cabassa
LUIS A. CABASSA
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**