UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHYLEEN SOTO FONTANEZ,**

       **Plaintiff,**

v.                                                        **Case No: 6:16-cv-1917-Orl-41GJK**

**EASTERN US TRADING COMPANY, INC.,**

       **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on the parties' Renewed Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice ("Renewed Motion," Doc. 20). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation ("R&R," Doc. 21), in which he recommends that the Renewed Motion be granted in part. Specifically, Judge Kelly recommends that the Court strike the confidentiality provision from the Settlement Agreement, find that the general release clause is reasonable, approve the parties' Settlement Agreement as modified, and dismiss the case with prejudice. (*Id.* at 8–9). The parties subsequently filed a Joint Notice of No Objection (Doc. 22).

After a *de novo* review of the record, this Court agrees with the analysis in the R&R except for the recommendation to approve the general release included in the Settlement Agreement. Here, there is consideration for the general release that is separate from that being given in exchange for the settlement of Plaintiff's FLSA claims. (Settlement Agreement, Doc. 20-1, ¶ 4). Pursuant to *Lynn's Food Stores, Inc. v. United States*, this Court must determine whether a proposed settlement "is a fair and reasonable resolution of a bona fide dispute *over FLSA*

*provisions.*" 679 F.2d 1350, 1355 (11th Cir. 1982) (emphasis added). Moreover, "the release of non-FLSA claims is generally not subject to judicial scrutiny." *Shearer v. Estep Const., Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *4 (M.D. Fla. May 20, 2015). Accordingly, this Court does not express an opinion as to the validity of the separate general release agreement.

Additionally, this Court notes that to the extent that the Settlement Agreement purports to allow the parties to subsequently modify the Agreement, (*see* Doc. 20-1 ¶ 9), that language will be stricken. Pursuant to *Lynn's Food Stores, Inc.*, 679 F.2d at 1355, any future modifications to the Settlement Agreement are unenforceable absent judicial approval.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 21) is **ADOPTED** and **CONFIRMED** as set forth herein.

2. The confidentiality provision (Doc. 20-1 ¶ 8) is **STRICKEN**. To the extent the modification provision (Doc. 20-1 ¶ 9) purports to allow the Settlement Agreement to be modified without Court approval, it is also **STRICKEN**.

3. The parties' Renewed Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice (Doc. 20) is **GRANTED**; the Settlement Agreement, as amended by this Court, is **APPROVED**; and this case is **DISMISSED with prejudice**.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 17, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record